IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM NAPUAOKALANI KEPA, <br><br> Plaintiff, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. 24-cv-00016-DKW-RT <br><br> **ORDER GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**[1] |

Plaintiff William Napuaokalani Kepa, proceeding pro se, moves for leave to proceed without prepaying fees or costs in this appeal of a decision by the Social Security Administration ("IFP Application"). Dkt. No. 3.

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Kepa has made the required showing under Section 1915(a). In the IFP Application, Kepa states that he receives no pay or wages. He further states that he receives no other income, except for $469 per month in "State of Hawaii welfare financial disability…." Kepa also states that he has no money in a checking or savings account, and he has no other assets of value. Kepa asserts that he has monthly expenses of roughly $460 and is unable to contribute support to his two dependent-daughters due to a lack of income. In light of these figures, Kepa's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2024 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. In addition, Kepa has insufficient assets to provide security for the $405 filing fee. As a result, the Court GRANTS the IFP Application, Dkt. No. 3.[2]

IT IS SO ORDERED.

Dated: January 16, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

[2] Because Rule 3 of the recently enacted Supplemental Rules for Social Security Actions provides that a plaintiff is <u>not</u> required to serve a summons and complaint in a social security action, it is unnecessary for the Court to direct service of the Complaint in this case.

2